CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 17 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DONALD W. WALLINGER,<br>    Plaintiff, | Civil Action No. 5:08cv00109 |
| v. | MEMORANDUM OPINION |
| BB&T INSURANCE SERVICES, INC.<br>    Defendant. | By: Samuel G. Wilson<br>United States District Judge |

In this diversity action, Plaintiff Donald W. Wallinger asserts a breach of contract claim against his former employer, Defendant BB&T Insurance Services, Inc. ("the Company"), a wholly-owned subsidiary of BB&T Corporation.[1] Wallinger left a company laptop containing confidential information unattended overnight in a vehicle parked in a hotel parking lot. The laptop was stolen. About a month later, the Company terminated Wallinger's employment, stating that his termination was for cause because he had violated company policies when he downloaded confidential information to the laptop and failed to secure it. Wallinger claims that the Company breached his employment agreement by terminating him. The Company contends that it terminated Wallinger for cause, and irrespective of whether it terminated him for cause, it needed no cause because he was an at-will employee. The Company has moved for summary judgment. The court finds it unnecessary to decide whether Wallinger was an at-will employee because it finds that the Company had cause to terminate Wallinger under the plain language of his employment agreement and grants summary judgment for the Company on that ground.

---

[1] Jurisdiction is proper under 28 U.S.C. § 1332(a) because Wallinger is a citizen of Virginia, the Company is incorporated in North Carolina and has its principal place of business in North Carolina, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

# I.

Since 2001, Wallinger has worked for the Company, a wholly-owned subsidiary of BB&T Corporation, pursuant to an employment agreement between Wallinger, the Company and BB&T Corporation. According to that agreement, if the Company terminates Wallinger's employment for cause, he receives only "compensation and benefits which . . . have vested and accrued prior to . . . termination." (Compl. Ex. A. at 4.) The agreement defines a termination for cause as a

> termination . . . for failure of Employee to adhere, after Employee has received written notice from [the Company] of such failure, and been given 30 days in which to cure such failure (if such failure can be cured), in any material respects to written policies, procedures, and the Code of Ethics established from time to time by [the Company] and in the format furnished in writing to Employee and generally made applicable to govern and control [the Company's] employee relationships.

(Compl. Ex. A at 4.) The BB&T Corporation Code of Ethics, which Wallinger received in writing, provides that "all propriety information about BB&T [including "[i]nformation about existing or potential clients"] must be protected by each employee." (Mathisen Aff. Ex. C at 2, 3.)[2] That code "applies equally to all employees of BB&T and its subsidiaries," (Mathisen Aff. Ex. C at 2) and the Company's Code of Conduct requires company employees to comply with the

---

[2]Wallinger received other policies in written and electronic form that repeated these general warnings and added more specific warnings about leaving laptops unattended in vehicles. According to the Corporate Information Security Policy, business-related information stored on corporation-owned devices is a valuable asset. According to the February 2007 edition of "Aware and Secure," an electronic newsletter distributed by the Company, advises employees to "[n]ever leave confidential information unattended in your vehicle, especially overnight. Bring files, CDs, and your laptop, etc. in your home or hotel room." (Mathisen Aff. Ex. H at 2.) At company training courses on data security, Wallinger also received written materials cautioning employees not to store confidential information on laptops and not to leave laptops unattended in vehicles. (Mathisen Aff. at 3-4.)

2

BB&T Corporation Code of Ethics. (Beierle Aff. Ex. A at 4.) Wallinger acknowledged in writing that he had read and understood both the BB&T Code of Ethics and the Company's Code of Conduct. (Mathisen Aff. Ex. D; Beierle Aff. Ex. B.)

At the Company, Wallinger identified, contacted, and provided services for existing and potential new insurance customers. The Company provided Wallinger with a laptop and a docking station that connected the laptop to company network files. Because Wallinger frequently worked outside the office, he synchronized information on his laptop with information on the BB&T network. Wallinger downloaded information covering an eight year period, including sensitive information of existing and former company clients.

On April 30, 2008, Wallinger left his laptop computer unattended overnight in his vehicle while it was parked in a hotel parking lot. The computer was stolen. The Company informed those affected of the theft and offered them a credit-monitoring service, incurring costs of over $24,000. The Company terminated Wallinger's employment on May 31, 2008. According to his termination letter, Wallinger was terminated for cause because he had downloaded confidential information to a laptop and failed to "properly secure" it, a violation of the BB&T Corporate Information Security Policy that Wallinger could not cure. (Wallinger Aff. Ex. 4.) Wallinger received his vested compensation and thirty days pay.

## II.

The Company moves for summary judgment,[3] arguing that leaving a laptop containing

---

[3] Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the facts in the light most favorable to the nonmoving party. Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007).

confidential information unattended overnight in a vehicle parked in a hotel parking lot is cause for termination under Wallinger's employment agreement. Wallinger argues that the Company breached the agreement by terminating him because his actions did not violate the Company's written policies and that, in any event, the Company should have given him 30 days to cure.

Because this court is exercising diversity jurisdiction, it applies Virginia law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under Virginia law, "language used by the parties in their contract should be taken in its ordinary signification, and the plain meaning should be ascribed to it, since courts are bound to say that the parties intended what the written instrument plainly declares." Seoane v. Drug Emporium Inc., 457 S.E.2d 93, 96 (Va. 1995). When a contract specifies what conduct constitutes just cause for termination, courts apply that definition. E.g. Campbell v. Se. Emergency Physicians Group, P.C., 51 F.3d 265 (Table) (4th Cir. 1995). On a motion for summary judgment, courts may determine as a matter of law whether an employer has sufficient cause, as defined in the contract, to terminate an employee. Parrish v. Worldwide Travel Serv., Inc., 512 S.E.2d 818, 820 (Va. 1999).

With the above precepts in mind, the court finds that Wallinger's actions violated the plain language of his employment agreement: by leaving a laptop containing confidential information unattended overnight in a vehicle parked in a hotel parking lot, Wallinger failed to protect the Company's proprietary information, therefore violating its written policies,[4] such as

---

[4]Wallinger argues that the employment agreement only permits the Company to terminate his employment for cause if he violates the written policies and procedures of *the Company*, not those of *BB&T Corporation*. A finder of fact could not reasonably conclude that Wallinger was not bound by the BB&T Corporation Code of Ethics because that document is referenced in his employment agreement and incorporated in the Company's Code of Conduct.

4

the BB&T Corporation Code of Ethics.[5] The Court rejects Wallinger's contention that he was entitled to 30 days within which to cure his violation because it is self-evident that his violation was incurable. Accordingly, the Company had cause to terminate Wallinger under the plain language of his employment agreement, and the court grants summary judgment for the Company.[6]

### III.

For the foregoing reasons, the Court will grant the Company's motion for summary judgment.

ENTER: This June 17, 2009.

UNITED STATES DISTRICT JUDGE

---

[5]Wallinger claims that the Company acted in bad faith by citing company documents to justify his termination in this court that it did not cite in his termination letter. However, the letter makes clear that the Company terminated Wallinger because he failed to protect the laptop containing confidential information, the same reason given for his termination in this court. Furthermore, an employer is not wedded to the cause for termination given at the time of termination. Crescent Horseshoe & Iron Co. v. Eynon, 27 S.E. 935, 936 (Va. 1897); Leahey v. Fed. Express Corp., 685 F.Supp 127, 128 (E.D. Va. 1988).

[6]Wallinger argues that he had a legitimate business reason to download this information and that he did so with the help of a company computer specialist. However, the legitimacy of Wallinger's reason for downloading the information is immaterial because he was subject to termination for failing to protect that information. Wallinger also argues that the information likely was not compromised due to the Company's password protection software. Wallinger's confidence in the Company's password protection software was understandably not shared by the Company, which incurred considerable expense in notifying and dealing with affected customers. In any event, to prove a violation of company policy the Company need not prove that confidential and proprietary information was in fact compromised. Rather, it must prove that Wallinger failed to protect that information. On that score, the court has no hesitancy in concluding that Wallinger failed to protect confidential and proprietary information when he left his laptop unattended overnight in his vehicle parked in a hotel parking lot.

5

Case 5:08-cv-00109-SGW-JGW  Document 23  Filed 06/17/09  Page 5 of 5  Pageid#: 387